UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

**TED VANDENBOOGARD,**
612 12th Street
Menasha, WI 54952

        Plaintiff,

Case No.   26-CV-401

vs.

**RELIASTAR LIFE INSURANCE COMPANY,**
Registered Agent:
Corporation Service Company
33 E Main St, Suite 610
Madison, WI 53703

and

**WAREHOUSE SPECIALISTS, LLC,**
1160 N Mayflower Drive
Appleton, WI 54913-9656

        Defendants.

## COMPLAINT

Now comes Plaintiff, Ted Vandenboogard, by and through his attorneys, Hawks Quindel, S.C., and for his Complaint against Defendants, hereby states as follows:

### JURISDICTION & VENUE

1. Plaintiff, a participant in an employee welfare benefit plan, brings this action pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, as amended (ERISA) to recover benefits due to Plaintiff pursuant to the

terms of the plan and to enforce and clarify Plaintiff's rights under the terms of the plan.

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132, as the claims herein arise under ERISA.

3. Venue is proper in the Eastern District of Wisconsin pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District and, because, in substantial part, the breaches asserted herein took place in this District.

## PARTIES

4. Plaintiff is an adult resident of Menasha, Wisconsin, and at all times relevant to this complaint, was a participant in an employer-sponsored weekly disability income plan) and long term disability insurance benefit plan.

5. Defendant, Warehouse Specialists, LLC (the Employer), self-funds the weekly disability income plan, policy number 73171-4SFDIS (the STD plan). This STD plan is subject to the Employee Retirement Income Security Act of 1974, as amended (ERISA), that has been in effect since at least October 4, 2024 and continues to the present time.

6. Defendant, ReliaStar Life Insurance Company (ReliaStar), on information and belief is a corporation organized under the laws of Minnesota licensed to sell insurance in the state of Wisconsin. Upon information and belief, Defendant issued a group long-term disability (LTD) insurance policy, identified as Policy No. 73171-4LTD2011, to Warehouse Specialists, LLC (the LTD Plan).

7. The plans are employee welfare benefit plans subject to ERISA and has been in effect since at least October 4, 2024 and continues to the present time.

8. Plaintiff's administrative remedies have been deemed exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff formerly worked as a tractor driver for Warehouse Specialists, LLC, and by virtue of this employment, was an eligible participant in the plans.

10. Plaintiff ceased working on or about October 4, 2024 due to back pain, a dislocated right hand, and a right knee injury.

11. Effective October 4, 2024 and continuing to the present time, Plaintiff has been unable to perform the substantial and material duties of Plaintiff's own occupation and of any occupation, as those terms are defined by the plans.

12. Plaintiff subsequently applied for STD and LTD benefits by letter dated September 25, 2025.

13. Plaintiff's STD benefit is worth approximately $400 per week.

14. Plaintiff's LTD benefit is worth approximately $2,888.88 per month.

15. The Social Security Administration determined that Plaintiff was disabled based on the same medical issues that constitute Plaintiff's claim for STD and LTD benefits, and Plaintiff has been awarded SSDI benefits.

16. Defendants were responsible for determining whether Plaintiff was eligible for STD and LTD benefits.

17. The Employer and ReliaStar were responsible for paying Plaintiff's STD and LTD benefits, respectively.

18. Defendants failed to render a decision regarding Plaintiff's STD and LTD claims within 45 days as required by ERISA. Moreover, they did not notify Plaintiff that special circumstances warranted additional time.

19. By letter dated January 29, 2026, Plaintiff requested an explanation of Defendants' violation of ERISA claims procedures pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii), noting 125 days had passed since Plaintiff submitted his application for benefits. Defendants never responded to that letter.

20. To date, Defendants have failed to acknowledge Plaintiff's application for STD and LTD benefits, or render a disability determination regarding the same.

21. Defendants have failed to decide Plaintiff's application within the requisite time period provided by ERISA, and failed to identify any "special circumstances" that would have required an additional 45-day extension of that time period.

22. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

23. Defendants did not perform a "full and fair review" of Plaintiff's claim.

24. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

25. By failing to timely decide Plaintiff's application, Defendants have failed to follow reasonable claim procedures consistent with ERISA's requirements—namely, 29 C.F.R. § 2560.503-1(l).

26. By virtue of Defendants' failure to follow reasonable claims procedures, Plaintiff's administrative remedies are deemed exhausted pursuant to 29 C.F.R. § 2560.503-1(l).

27. Defendants failed to engage in a meaningful dialogue with Plaintiff.

28. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

29. Defendants failed to review Plaintiff's medical records.

30. At all times material to this complaint, Plaintiff has remained disabled as defined by the plans.

31. At all times material to this case, the plans has remained in full force and effect.

32. Defendants' denial of Plaintiff's claimed STD and LTD benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

33. The preceding paragraphs are reincorporated by reference as though set forth here in full.

34. Plaintiff has been and remains disabled, as that term is defined by the plans.

35. Defendants wrongfully denied STD and LTD benefits due to Plaintiff.

36. Plaintiff's administrative remedies are exhausted and the proper standard of review is *de novo* due to Defendants' failure to complete its review of Plaintiff's initial claim for STD and LTD benefits within the timeframe prescribed by ERISA's claims procedures. *See* 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i) and (l)(2)(i).

37. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

38. Defendants interpreted and applied the terms and conditions of the plans in a manner that is inconsistent with the plain language contained therein.

39. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the plans from one case to the next.

40. As both the payer of claims and the adjudicator of LTD claim eligibility, Defendant ReliaStar Life Insurance Company has an inherent conflict of interest.

41. Defendants' denial of Plaintiff's STD and LTD benefits was "downright unreasonable."

42. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for STD and LTD benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Ted Vandenboogard, demands judgment from the Defendants for the following:

A. Payment of all retroactive STD and LTD benefits owed to Plaintiff under the terms and conditions of the plans;

B. A declaration of Plaintiff's continued eligibility for all STD benefits through the STD plan's 26-week maximum benefit period;

C. A declaration of Plaintiff's continued eligibility for all LTD benefits under the LTD plan;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: March 11, 2026.

> By: *s/Jessa L. Victor*
> Jessa L. Victor
> WI State Bar No. 1099144
> Naomi R. Swain
> WI State Bar No. 1115655
> Attorney for Plaintiff
> Hawks Quindel, S.C.
> 409 East Main Street
> P.O. Box 2155
> Madison, Wisconsin 53701-2155
> Telephone: 608/257-0040
> E-mail: jvictor@hq-law.com nswain@hq-law.com